UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ALEXANDER ALBINO,

                              Plaintiff,

    -vs-

GLOBAL EQUIPMENT USA, LTD.,

                              Defendant.

**DECISION and ORDER
No. 6:14-cv-06519(MAT)**

_____

GLOBAL EQUIPMENT USA, LTD.,

    Defendant/Third-Party Plaintiff,

    -vs-

H. P. NEUN COMPANY, INC., ISOWA
AMERICA, INC. and ISOWA CORPORATION,

          Third-Party Defendants.

_____

## INTRODUCTION

Alexander Albino ("Plaintiff"), represented by counsel, instituted this diversity action against Global Equipment USA, LTD. ("Global"), alleging causes of action based on strict products liability and negligence as the result of injuries he sustained on September 8, 2012, while he was employed at third-party defendant H.P. Neun Company, Inc. ("H.P. Neun"). Global instituted a third-party action on January 18, 2016, asserting claims for contribution and indemnification against Arvco Container Corp. ("Arvco"), H.P. Neun, ISOWA Corporation ("IC"), and ISOWA America, Inc. ("IAI").

On August 18, 2016, this Court issued a decision and order denying Global's motion to dismiss the complaint for lack of personal jurisdiction. On September 20, 2016, IC filed a motion to dismiss for lack of personal jurisdiction, and IAI filed a motion to dismiss for failure to state a claim and for lack of personal jurisdiction. On October 12, 2016, the Court granted Global an extension of time to respond to IC's and IAI's motions. On October 26, 2016, Global timely responded to the motions to dismiss by filing a cross-motion to amend the third-party complaint. All three motions are fully submitted and ready for decision.

As discussed more fully herein, the Court grants Global's request to conduct jurisdictional discovery; denies without prejudice IC's motion to dismiss for lack of personal jurisdiction with leave to renew following jurisdictional discovery; denies without prejudice IAI's motion to dismiss for failure to state a claim and for lack of personal jurisdiction with leave to renew following jurisdictional discovery; and holds in abeyance Global's cross-motion to amend the third-party complaint pending the Court's resolution of IC's and IAI's jurisdictional challenges.

## FACTUAL BACKGROUND

While working at H.P. Neun on September 8, 2012, Plaintiff sustained a crush-type hand injury while he was operating a Flexo Die Cutter Slotter, Model DCFS-7 ("the Machine"). The Machine was manufactured by IC in 1979. IC is a foreign corporation constituted

under the laws of Japan, with its principle offices in Nagoya, Japan. IC specializes in manufacturing large scale industrial corrugators and finishing equipment for use in the manufacturing of finished cardboard products. IAI, an Arizona corporation with a domestic address in Phoenix, is a wholly-owned subsidiary of IC. IAI is responsible for new machine and parts sales for IC, as well as for providing service and support for IC in North and South America.

In its motion to dismiss, IC avers that the Machine was ordered on November 19, 1979, by Colorado Container Corporation ("CCC"), a non-party, and was shipped to that company in May of 1980. Pursuant to the terms of the sales documents, the Machine was to be installed at CCC by Vahan A. Hussissian & Associates ("VAH & Assocs."), also a non-party, in July of 1980. IC and IAI aver that VAH & Assocs., a former sales agent for IC, is not related in any way to IC or IAI, and is not a predecessor or successor of IC or IAI. IC also states that IAI, which was not incorporated until 2002, did not have any role in the original sale and distribution of the Machine. Neither IC nor IAI played a role in the 2008 sale of the Machine to H.P. Neun, brokered by Global. IC states that IAI is a wholly-owned subsidiary of IC, which is the IAI's sole shareholder.

**IC'S AND IAI'S MOTIONS TO DISMISS
FOR LACK OF PERSONAL JURISDICTION**

I.     **Rule 12(b)(2) Standard**

A party may assert the defense of lack of personal jurisdiction by motion. See FED. R. CIV. P. 12(b)(2). When faced with such a motion, the "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996). "'Prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith, see FED. R. CIV. P. 11, legally sufficient allegations of jurisdiction,'" i.e., by making a 'prima facie showing' of jurisdiction." Jazini v. Nissan Motor Co., 148 F.3d 181, 184 (2d Cir. 1998) (citations and quotation omitted). This showing may be made through "affidavits and supporting materials[,]" Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981), containing "an averment of facts that, if credited . . . , would suffice to establish jurisdiction over the defendant." Robertson-Ceco Corp., 84 F.3d at 567 (quotation omitted). Where, as here, the jurisdictional "issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor[.]" A.I. Trade Fin., Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993).

## II.  General Legal Principles Regarding In Personam Jurisdiction

"[T]he amenability of a foreign corporation to suit in a federal court in a diversity action is determined in accordance with the law of the state where the court sits, with 'federal law' entering the picture only for the purpose of deciding whether a state's assertion of jurisdiction contravenes a constitutional guarantee." Arrowsmith v. United Press Int'l, 320 F.2d 219, 223 (2d Cir. 1963) (in banc). Thus, a court assessing whether personal jurisdiction is authorized "must look first to the long-arm statute of the forum state, in this instance New York." Bensusan Rest. Corp. v. King, 126 F.3d 25, 27 (2d Cir. 1997) (citation omitted). "If the exercise of jurisdiction is appropriate under that statute, the court then must decide whether such exercise comports with the requisites of due process." Id. (citation omitted). Thus, in resolving the issue of personal jurisdiction in a diversity suit, a district court must follow a two-step process. Robertson-Ceco Corp., 84 F.3d at 567 (citation omitted).

## III. Discussion

Global asserts that specific jurisdiction over IAI is proper under New York's long-arm statute, specifically, CPLR 302(a)(1) and CPLR 302(a)(3)(i). Global concedes that IC is not subject to general jurisdiction under New York Civil Practice Law and Rules ("CPLR") 301. (See Dkt #79-10, at 6-9). Instead, Global invokes specific jurisdiction under CPLR 302(a)(1) and 302(a)(3)(i).

-5-

Turning first to Global's argument under CPLR 302(a)(1)
regarding IAI, this section allows a court to exercise personal
jurisdiction "over any non-domicialiary, or his executor or
administrator, who in person or through an agent: (1) transacts any
business within the state or contracts anywhere to supply goods or
services in the state. . . ." N.Y. CIV. P. L. & R. 302(a)(1). "New
York courts evaluating specific jurisdiction under section
302(a)(1) look to both the language of the statute and the relation
between the alleged conduct and the cause of action." Best Van
Lines, Inc. v. Walker, 490 F.3d 239, 246 (2d Cir. 2007). Thus,
"[t]o determine the existence of jurisdiction under section
302(a)(1), a court must decide (1) whether the defendant 'transacts
any business' in New York and, if so, (2) whether this cause of
action 'aris[es] from' such a business transaction." Id. (citing
Deutsche Bank Sec., Inc. v. Montana Bd. of Invs., 7 N.Y.3d 65, 71
(2006)). As an initial matter, the Court notes that "[t]he showing
necessary for a finding that a defendant 'transacted business'
within the meaning of [CPLR] section 302(a)(1) is considerably less
onerous than that required for a finding that a defendant was doing
business under [CPLR] section 301." Hollins, 469 F. Supp.2d at 76
(quoting ESI, Inc. v. Coastal Corp., 61 F. Supp.2d 35, 57 (S.D.N.Y.
1999); citing Gleason Works v. Klingelnberg-Oerlikon Geartec
Vertriebs-GmbH, 58 F. Supp.2d 47, 50 (W.D.N.Y. 1999)).

Global has proffered evidence, in the form of purchase orders and invoices, that IAI sold and shipped parts to H.P. Neun yearly, during the period from 2010, to 2016. In addition, an employee of IAI visited H.P. Neun in 2015, for a three-day service call regarding the Machine. (See Exhibits to Affidavit of Stephen M. Bregande ("Bregande Aff.") (Dkt #83-11)).

The Second Circuit has observed that New York State courts' decisions, "at least in their rhetoric, tend to conflate the long-arm statutory and constitutional analyses by focusing on the constitutional standard: whether the defendant's conduct constitutes 'purposeful availment.'" Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 169 (2d Cir. 2010) (quoting Best Van Lines, 490 F.3d at 247; brackets omitted in original). "Thus, a defendant need not be physically present in New York to transact business there within the meaning of the first clause of section 302(a)(1)[.]" Id. (citation omitted). Accordingly, courts in New York have held that CPLR 302 "is a 'single act statute' and proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York. . . ." Kreutter, 527 N.Y.S.2d 195, 522 N.E.2d at 43; see also Chloe, 616 F.3d at 170-71 ("[Defendant's employee] Ubaldelli's single act of shipping a counterfeit Chloé bag might well be sufficient, by itself, to subject him to the jurisdiction of a New York court under section 302(a)(1). We need not, however, decide that question

because, in this case, Queen Bee also operated a highly interactive website offering such bags for sale to New York consumers, and engaged in fifty-two other transactions where merchandise was shipped to New York. Viewed in their totality, these contacts sufficiently demonstrate Ubaldelli's purposeful availment of the benefits of transacting business in New York.").

As for the second part of CPLR 302(a)(1)'s test, "a suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." Best Van Lines, Inc., 490 F.3d at 246. Global characterizes its claim against IAI as seeking contribution based upon a theory that IAI owed Plaintiff a duty to warn of defects in the Machine, as well as to warn of the dangers in the ongoing use of the Machine, when IAI continued to provide H.P. Neun with parts for the Machine after H.P. Neun took possession of the Machine in 2008. (See Dkt #83-12 at 4). Global notes that under general tort rules, an individual may be found negligent because of a failure to warn another of known dangers, or dangers of which he had reason to know; this duty "commonly is imposed because of some special relationship, frequently economic, not only for those bearing special responsibilities . . . ." (Dkt #83-12 at 4 (quoting Schumacher v. Richards Shear Co., 59 N.Y.2d 239, 246-47 (1983)). Global argues that such a "special relationship" existed between

-8-

IAI and H.P. Neun because of their economic relationship based on IAI's ongoing sale and shipment to H.P. Neun of parts for the Machine; on IAI's holding itself out as an expert in the sale of parts and service for the Machine; and on IAI's knowledge that the parts it sold to H.P. Neun would be used in the Machine, which IAI knew was located at H.P. Neun's facility in Lyons, New York.

While IAI initially argued that there is no evidence that it "transact[ed] any business," CPLR 302(a)(1), in New York, it has pivoted to arguing that there is no articulable nexus between its sales and shipments of parts for the Machine to H.P. Neun and the claims asserted against it by Global. In particular, IAI argues that none of the parts it shipped were related to or involved in Plaintiff's accident, or are alleged to have been defective or dangerous. Therefore, IAI argues, it could not have a breached any duty to warn of defects or dangers, and Global's underlying theory of liability is not cognizable and without merit. However, New York courts have stated that "it is not required, for the purposes of [a] motion [challenging jurisdiction], to establish defendant's responsibility by the same degree of proof required upon the trial of the action. This dispute bears upon the question of ultimate liability, and in order to ascertain whether New York courts have jurisdiction, it is not necessary to determine the existence or theory of liability in advance of trial." Buckley v. Redi-Bolt, Inc., 49 Misc. 2d 864, 869, 268 N.Y.S.2d 653, 657-58 (Sup. Ct.

1966). Indeed, the New York Court of Appeals "consistently" has described the nexus inquiry under CPLR 302(a)(1) as "relatively permissive[.]" <u>Licci v. Lebanese Canadian Bank</u>, 20 N.Y.3d 327, 339 (2012) (collecting cases).

With regard to IC and Global's argument under CPLR 302(a)(1), Global does not assert that IC itself transacted business in New York State. Rather, Global argues that "[IC], through its agent [IAI], transacted business in New York and contracted to supply goods and services in New York, thereby bringing [IC] under the jurisdiction of New York courts pursuant to CPLR 302(a)(1)." (Dkt #83-12, at 9; <u>see</u> <u>also</u> PATPC ¶¶ 61-63 (alleging, as a first cause of action, that IC, "either in person or through its agent transacts or transacted business within New York"; "either in person or through its agent contracted to supply goods or services in New York"; and "either in person or through its agent regularly does, or solicits business, or engages in another persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in New York")).

To establish personal jurisdiction under the "transacting business" prong of Section 302(a)(1), "two requirements must be met: (1) [t]he defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." <u>Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC</u>, 450 F.3d 100, 103 (2d Cir. 2006) (citation omitted). With regard to

the "transacting business" prong of CPLR 302(a)(1), IC is correct that Global's theory of jurisdiction depends on a finding that IAI was IC's "agent in connection with IAI's parts sales to H.P. Neun." (Dkt #90 at 3). As IC notes, the fact that a corporation is a wholly owned subsidiary of another corporation does not necessarily give rise to an agency relationship between the two entities. E.g., Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 194 (2d Cir. 2010) (citing Kingston Dry Dock Co. v. Lake Champlain Transp. Co., 31 F.2d 265, 267 (2d Cir. 1929) (L. Hand, J.), aff'd, 133 S. Ct. 1659 (2013). IC argues Global cannot establish jurisdiction under CPLR 302(a)(1) because no formal agency relationship exists between itself and IAI. (Dkt #90 at 3-7).

However, for jurisdictional purposes, a "[p]laintiff need not establish a formal agency relationship between [a] defendant[ ] and [the agent doing business in New York]." Ingenito v. Riri USA, Inc., 89 F. Supp.3d 462, 477 (E.D.N.Y. 2015) (quoting Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460, 467 (1988)). Rather, "[a] plaintiff attempting to establish personal jurisdiction over a defendant who has never been present in the state and only acted through subsidiaries or agents need only show that the subsidiary 'engaged in purposeful activities in this State,' that those activities were 'for the benefit of and with the knowledge and consent of' the defendant, and that the defendant 'exercised some control over' the subsidiary in the matter that is the subject of

the lawsuit." Ingenito, 89 F. Supp.3d at 476 (quoting Kreutter, 71
N.Y.2d at 467; citing CutCo Indus., Inc. v. Naughton, 806 F.2d 361,
366 (2d Cir. 1986) ("To be considered an agent for jurisdictional
purposes, the alleged agent must have acted in the state 'for the
benefit of, and with the knowledge and consent of' the non-resident
principal."); other citation omitted).

After careful review of the parties' motions, the Court has
elected to exercise its discretion to grant Global's request for
leave to conduct jurisdictional discovery. Where a plaintiff fails
to make a prima facie showing of personal jurisdiction, it is well
established in this Circuit that a district court may allow the
plaintiff to conduct discovery on jurisdictional questions so long
as it has "made a sufficient start towards establishing personal
jurisdiction." Hollins v. U.S. Tennis Ass'n, 469 F. Supp. 2d 67,
70-71 (E.D.N.Y. 2006) (quoting Uebler v. Boss Media, 363 F. Supp.
2d 499, 506-07 (E.D.N.Y. 2005)); see also Winston & Strawn v. Dong
Won Sec. Co., No. 02 CIV. 0183(RWS), 2002 WL 31444625, at *5
(S.D.N.Y. Nov. 1, 2002) ("A trial court has jurisdiction to
determine its own jurisdiction. A court may allow discovery to aid
in determining whether it has in personam or subject matter
jurisdiction.") (internal citation omitted; citing, inter alia,
Lakkas v. Liberian M/V Caledonia, 443 F.2d 10, 11 (4th Cir. 1971)
(per curiam)). Global has "made a sufficient start toward
establishing jurisdiction, and ha[s] shown that [its] position is

not frivolous." <u>PST Servs., Inc. v. Larson</u>, 221 F.R.D. 33, 37 (N.D.N.Y. 2004); <u>accord</u>, <u>e.g.</u>, <u>Perkins v. Sunbelt Rentals, Inc.</u>, No. 514CV1378BKSDEP, 2015 WL 12748009, at *12 (N.D.N.Y. Aug. 13, 2015). Furthermore, certain facts necessary to establish personal jurisdiction lie exclusively within IAI's and IC's knowledge, in particular, those related to the precise nature of the relationship between IC and its wholly-owned subsidary, IAI. <u>See</u> <u>Uebler v. Boss Media, AB</u>, 363 F. Supp.2d 499, 506 (E.D.N.Y. 2005) (citing <u>Wells Fargo & Co. v. Wells Fargo Express Co.</u>, 556 F.2d 406, 430 n. 4 (2d Cir. 1977)). Finally, the Court finds that "[d]iscovery will lead to a more accurate judgement than one made solely on the basis of affidavits in response to the motion." <u>Winston & Strawn</u>, 2002 WL 31444625, at *5 (citing <u>Peterson v. Spartan Indus., Inc.</u>, 33 N.Y.2d 463, 467 (1974)).

## GLOBAL'S CROSS-MOTION TO AMEND THE THIRD-PARTY COMPLAINT AND IAI's MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### I.   Standard for Amending under F.R.C.P. 15(a)

Because more than 21 days have elapsed since the filing of IC's and IAI's motions to dismiss the original third-party complaint for lack of jurisdiction and failure to state a claim, Global must first obtain leave of the Court to file an amended third-party complaint. <u>See</u> FED. R. CIV. P. 15(a)(1)(A), (2); <u>Eskenazi-McGibney v. Connetquot Cent. Sch. Dist.</u>, 84 F. Supp.3d 221, 225 (E.D.N.Y. 2015) ("In the instant matter, in order to amend the complaint, the Plaintiffs must first obtain leave of the Court

-13-

because the Defendants have not given such consent, and more than 21 days have elapsed since the motions to dismiss were filed.") (citation omitted).

While the "court should freely give leave [to amend] when justice so requires[,]" FED. R. CIV. P. 15(a)(2), it "has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009).

## II. Discussion

Here, there is no indication, and IAI does not argue, that Global has unduly delayed or is not acting in good faith. IAI's argument in favor of dismissal is premised on the inability of Global to state a plausible claim for relief against it. Other district courts in this circuit have generally found it inappropriate to address the adequacy of pleadings without having resolved the threshold issue of personal jurisdiction. Perkins, 2015 WL 12748009, at *12 (citing, inter alia, Sokolow v. Palestine Liberation Org., 583 F. Supp.2d 451, 460 n.9 (S.D.N.Y. 2008) ("It is inappropriate for the Court to address the adequacy of pleadings until the threshold issue of personal jurisdiction is determined."); New York v. Mountain Tobacco, 55 F. Supp.3d 301, 314-15 (E.D.N.Y. 2014) (declining to rule on 12(b)(6) motion pending additional jurisdictional discovery)). Therefore, IAI's motion to dismiss for failure to state a claim under Rule 12(b)(6) is denied without prejudice to refiling after additional discovery.

The Court likewise denies Global's motion to amend the third-party complaint without prejudice. As stated above, the Court declines to address the adequacy of the Global's pleadings until it has resolved whether IAI is subject to personal jurisdiction.

## CONCLUSION

For the reasons discussed above, the Court grants Global's request to conduct jurisdictional discovery; denies without prejudice IC's motion to dismiss for lack of personal jurisdiction with leave to renew following jurisdictional discovery; denies without prejudice IAI's motion to dismiss for failure to state a claim and for lack of personal jurisdiction with leave to renew following jurisdictional discovery; and holds in abeyance Global's cross-motion to amend the third-party complaint pending the Court's resolution of IC's and IAI's jurisdictional challenges.

The limited and expedited discovery proceeding will include service of document requests by Global upon IAI and IC, and depositions of two witnesses, one from IAI and one from IC, the appropriate individuals to be designated by IAI and IC, limited to answering questions regarding jurisdictional issues. This discovery is to be completed no later than thirty (30) days from the entry of this decision and order.

**SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:    January 26, 2017
          Rochester, New York