UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALEXANDER ALBINO,

                Plaintiff,

vs.                                                                                    Civil No.: 14-cv-06519

GLOBAL EQUIPMENT USA, LTD.,

                Defendant.

GLOBAL EQUIPMENT USA, LTD.,

                Defendant/Third-Party Plaintiff,

vs.

ARVCO CONTAINER CORP.,
H. P. NEUN COMPANY, INC.
ISOWA AMERICA, INC., and
ISOWA CORPORATION,

                Third-Party Defendants.

---

## STIPULATED PROTECTIVE ORDER

On request and by consent of the parties to this action, the Court hereby makes the following ORDER under Federal Rule of Civil Procedure 26(c)(1)(G), to govern the disclosure and use of information in this Litigation, both in documentary and any other tangible or intangible form, asserted to constitute trade secrets or other Confidential or Highly Confidential Materials or Information (as defined herein) subject to protection under that Rule or any other applicable law:

    1.    As used in the Amended Protective Order, these terms have the following meanings:

        a.    "Attorneys" means counsel of record;

        b.    "Confidential" documents are documents designated in accordance with Paragraph 2;

  c. "Confidential – Limited Eyes Only" documents are the subset of Confidential documents designated in accordance with Paragraph 5;

  d. "Documents" are all materials within the scope of Federal Rule of Civil Procedure 34(a);

  e. "Written Assurance" means an executed document in the form attached as Exhibit A.

  f. "this Litigation" means *Albino v. Global Equipment USA, LTD.* Civil No. 14-cv-06519, pending in the United States District Court, Western District of New York, and any other matter consolidated therewith for any purpose.

 2. By identifying a document "Confidential," a party may designate any document, including interrogatory responses, other discovery responses, or transcripts that it in good faith contends to constitute or contain trade secrets or other confidential information. A document produced in native format may be "identified" as "Confidential" without modifying the document itself, such as in a transmittal letter.

 3. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in Paragraph 4. Prohibited purposes include, but are not limited to, use for competitive purposes or the prosecution of intellectual property rights.

 4. Access to any Confidential document shall be limited to:

  a. The Court and persons employed by the Court who are necessary for the handling of the Litigation or any appeal therefrom;

  b. Counsel of record in this Litigation, as well as their associates, paralegals, technical administrative and clerical employees working under the direct supervision of such counsel;

  c. Persons shown on the face of the document to have authored or received it;

  d. Court reporters retained to transcribe testimony;

    e.    In-house counsel or other client representative for the parties to this Litigation;

    f.    "Other persons currently or formerly employed by, consulting with, or otherwise associated with one or more of the parties, so long as those persons have a bona fide need to access Confidential documents;

    g.    Outside independent persons (i.e. persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its attorneys to furnish technical or expert services, and/or to give testimony in this action, provided such experts and consultants have signed the "Written Assurance" attached hereto as Exhibit A.

5.    The parties shall have the right to further designate Confidential documents or portions of documents as "Confidential – Limited Eyes Only." Disclosure of such information shall be limited to the persons designated in Paragraphs 4.a, 4.b, 4.c, 4.d, and 4.g.

6.    Each person appropriately designated in accordance with Paragraph 4.e, 4.f, or 4.g to receive Confidential information shall execute a "Written Assurance" in the form of Exhibit A.

7.    All depositions or portions of depositions taken in this action that contain trade secret or other confidential information may be designated "Confidential" or "Confidential – Limited Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Confidential – Limited Eyes Only" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 30 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential – Limited' Eyes Only" during the 30-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential Information shall be taken only in the presence of persons who are qualified to have access to such information.

8.    Any party who inadvertently fails to identify documents as "Confidential" or "Confidential – Limited Eyes Only" shall have 10 days from the discovery of its oversight

3

to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

9. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within 10 days of receiving such a written request. The party returning such inadvertently produced documents may thereafter seek re-production of any such documents in accordance with applicable law.

10. To the extent that the parties wish to disclose Confidential documents or Confidential information in papers filed with the Court or the court clerk, the party seeking to file confidential documents or information agrees to file redacted versions of confidential documents on CM/ECF and simultaneously file a motion to seal such documents pursuant WDNY Local Rule 5.3 and Administrative Procedures Guide for Electronic Filing, section 2(o)(i). In addition, to the extent that Confidential documents or Confidential information is described, characterized or quoted (in whole or in part) in papers that are filed with the Court or the court clerk, the party seeking to file any such documents agrees to file redacted versions of the same on CM/ECF and simultaneously file a motion to seal any such documents pursuant WDNY Local Rule 5.3 and Administrative Procedures Guide for Electronic Filing, section 2(o)(i).

11. Prior to disclosure at trial or a hearing of materials or information designated "Confidential" or "Confidential – Limited Eyes Only," the parties may seek from the Court further protections against public disclosure.

12. Any party may request a change in the designation of any information

4

designated "Confidential" and/or "Confidential – Limited Eyes Only." Any such document shall be treated as designated until the change is completed. If the parties are not able to resolve the dispute within ten (10) days following receipt of the objections, then the objecting party shall have twenty-one (21) days within which to seek appropriate judicial relief, or else said party shall be deemed to have acquiesced in and agreed to the "Confidential" designations as to those documents. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Federal Rule of Civil Procedure 26(c).

13. If a party other than a producing party (or its counsel) is subpoenaed or otherwise legally ordered to produce Confidential documents or Confidential information by threat of legal compulsion, said party and/or its legal counsel agrees to notify the producing party in writing by facsimile and e-mail within three (3) business days after receipt of the subpoena or other legal process. Thereafter, unless a court orders otherwise, said party may provide the information sought by the subpoena or other legal process in accordance with its terms.

14. Within 60 days of termination of this action, including any appeals, each party shall destroy or return all documents produced under the terms of this Protective Order" and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period.

15. The parties also agree that any breach of this Protective Order would cause irreparable harm to the producing party and shall give rise to a right to injunctive relief.

16. Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

17.   No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

18.   The obligations imposed by the Protective Order shall survive the termination of the action.

Dated: _____, 2017
**FARACI LANGE LLP**
Attorneys for Plaintiff Alexander Albino

By_____
Matthew F. Belanger, Esq.
Kathryn Lee Bruns, Esq.
28 East Main Street, Suite 1100
Rochester, New York 14614
(585) 325-5150
mbelanger@faraci.com
kbruns@faraci.com

Dated: _____, 2017

**WEBSTER SZANYI LLP**
Attorneys for Third-Party Defendants
   ISOWA America, Inc. and
   ISOWA Corporation

By_____
D. Charles Roberts Jr.
1400 Liberty Building
Buffalo, New York 14202
(716) 842-2800
croberts@websterszanyi.com

Dated: _____, 2017
**OSBORN, REED & BURKE, LLP**
Attorneys for Defendant and
Third-Party Plaintiff
   Global Equipment USA Ltd.

By_____
Jeffrey P. DiPalma
45 Exchange Boulevard
Rochester, New York 14614
(585) 263-9565
jpd@orblaw.com

Dated: _____, 2017

**NASH CONNORS, P.C.**
Attorneys for Third Party Defendant
   H.P. Neun Company, Inc.

By_____
James J. Nash
344 Delaware Avenue, Suite 400
Buffalo, NY 14202
(716) 842-4121
nash@nashconnors.com

SO ORDERED:

_____
Honorable Jonathan W. Feldman
Magistrate Judge
United States District Court

6

17. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

18. The obligations imposed by the Protective Order shall survive the termination of the action.

Dated: _3/31/2017_____, 2017
**FARACI LANGE LLP**
Attorneys for Plaintiff Alexander Albino

By _/s/ Kathryn Lee Bruns_
Matthew F. Belanger, Esq.
Kathryn Lee Bruns, Esq.
28 East Main Street, Suite 1100
Rochester, New York 14614
(585) 325-5150
mbelanger@faraci.com
kbruns@faraci.com

Dated: _____, 2017

**WEBSTER SZANYI LLP**
Attorneys for Third-Party Defendants
ISOWA America, Inc. and
ISOWA Corporation

By _____
D. Charles Roberts Jr.
1400 Liberty Building
Buffalo, New York 14202
(716) 842-2800
croberts@websterszanyi.com

Dated: _____, 2017
**OSBORN, REED & BURKE, LLP**
Attorneys for Defendant and
Third-Party Plaintiff
    Global Equipment USA Ltd.

By _____
Jeffrey P. DiPalma
45 Exchange Boulevard
Rochester, New York 14614
(585) 263-9565
jpd@orblaw.com

Dated: _____, 2017

**NASH CONNORS, P.C.**
Attorneys for Third Party Defendant
    H.P. Neun Company, Inc.

By _____
James J. Nash
344 Delaware Avenue, Suite 400
Buffalo, NY 14202
(716) 842-4121
nash@nashconnors.com

**SO ORDERED:**

_____
Honorable Jonathan W. Feldman
Magistrate Judge
United States District Court

17. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

18. The obligations imposed by the Protective Order shall survive the termination of the action.

| | |
|---|---|
| Dated: _____, 2017<br>FARACI LANGE LLP<br>Attorneys for Plaintiff Alexander Albino<br><br>By_____<br>Matthew F. Belanger, Esq.<br>Kathryn Lee Bruns, Esq.<br>28 East Main Street, Suite 1100<br>Rochester, New York 14614<br>(585) 325-5150<br>mbelanger@faraci.com<br>kbruns@faraci.com | Dated: _April 3_, 2017<br>OSBORN, REED & BURKE, LLP<br>Attorneys for Defendant and<br>Third-Party Plaintiff<br>  Global Equipment USA Ltd.<br><br>By_____<br>Jeffrey F. DiPalma<br>45 Exchange Boulevard<br>Rochester, New York 14614<br>(585) 263-9565<br>jpd@orblaw.com |
| Dated: _4-4-__, 2017<br><br>WEBSTER SZANYI LLP<br>Attorneys for Third-Party Defendants<br>  ISOWA America, Inc. and<br>  ISOWA Corporation<br><br>By_____<br>D. Charles Roberts Jr.<br>1400 Liberty Building<br>Buffalo, New York 14202<br>(716) 842-2800<br>croberts@websterszanyi.com | Dated: _____, 2017<br><br>NASH CONNORS, P.C.<br>Attorneys for Third Party Defendant<br>  H.P. Neun Company, Inc.<br><br>By_____<br>James J. Nash<br>344 Delaware Avenue, Suite 400<br>Buffalo, NY 14202<br>(716) 842-4121<br>nash@nashconnors.com |

SO ORDERED:

_____
Honorable Jonathan W. Feldman
Magistrate Judge
United States District Court