UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



ALEXANDER ALBINO,
    Plaintiff,
    v.

GLOBAL EQUIPMENT USA, LTD.,
    Defendant.

**ORDER**
14-cv-6519

GLOBAL EQUIPMENT USA, LTD.,

    Defendant/Third-Party Plaintiff,

    v.

ARVCO CONTAINER CORP., H.P. NEUN
CO., ISOWA AMERICA, INC., and
ISOWA CORPORATION,

    Third-Party Defendants.

The parties are currently engaged in discovery limited for the purpose of exploring jurisdiction. According to Judge Telesca's Order dated February 28, 2017, written jurisdictional discovery shall be completed by April 15, 2017, and all depositions of third-party defendants ISOWA Corp. ("IC") and ISOWA America, Inc. ("IAI") witnesses shall be completed by August 30, 2017. See Docket # 95. On or about March 2, 2017, defendant and third-party plaintiff Global Equipment USA, LTD. ("Global") sent IAI and IC demands to produce pursuant to Fed. R. Civ. P. 34, interrogatories pursuant to Fed. R. Civ. P. 33, and notices for depositions pursuant to Fed. R. Civ. P. 30. See Exs. "A-C" attached to IC/IAI's

Mot. (Docket # 98). Counsel for IC and IAI objected to the deposition notices. See Global's Mem. of Law (Docket # 100-6) at 3; IC/IAI Mem. of Law (Docket # 98-7) at 4.

Global thereafter sent revised deposition notices, which are now the subject of IC and IAI's motion to quash. Ex. "A" attached to IC/IAI's Mot. (Docket # 98). IC and IAI object to the revised notices as being overly broad, vague and ambiguous. IC/IAI Mem. of Law (Docket # 98-7) at 4. The parties conferred but were not able to work out this dispute. On April 28, 2017, IC and IAI moved to quash the revised 30(b)(6) deposition notices. Docket # 98. Global responded on May 12, 2017 (Docket # 100), and IC and IAI replied on May 18, 2017. (Docket # 102). The Court heard oral argument from Global and IC/IAI on June 22, 2017, and resolved most of the disputes on the record. Each party submitted post-hearing briefs to the Court. See Docket ## 104, 105. For the reasons stated on the record and elaborated further below, it is so ORDERED that:

1. Global may depose IC/IAI's representative on the topic of "jurisdiction pursuant to CPLR § 302(a)," New York's long-arm jurisdiction statute, which will include IC/IAI's respective business and course of conduct in New York prior to the accident at issue in this case. "[O]ur statutory scheme permits [a party] to bring the foreign defendant within the power of the New York

2

courts upon a lesser showing of some business contacts within the State <u>only if he demonstrates that his cause of action arose out of those business contacts.</u>" McGowan v. Smith, 52 N.Y.2d 268, 273, 419 N.E.2d 321 (1981) (emphasis supplied). Although Global argues that discovery should include events that post-date the accident — particularly a 2015 service call by IAI concerning the machine at issue in this case — Global has offered no theory under which plaintiff's injury could have arisen out of IAI's post-dated servicing of the machine. The Court can find no law that contemplates that contacts which occur after the cause of action — and indeed, after the filing of the lawsuit — be used to support a theory of long-arm jurisdiction under CPLR § 302(a).[1] Although Global argues generally that IC/IAI had sufficient contacts with

---

[1] The cases cited by Global do not stand for the proposition for which they are offered. Global cites to Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194 (2d Cir. 1990) as supporting the proposition that New York's long-arm jurisdiction can extend to a defendant who had minimal contacts at the time of the incident but then derived revenue from New York in the year that the suit was filed. The Court's reading of Ball supports no such finding; the Second Circuit found it unnecessary to even consider the timing argument because it found the contacts to be insufficient to support jurisdiction under any theory. Jacobs v. Felix Bloch Erben Verlag fur Buhne Film und Funk KG, 160 F.Supp.2d 722 (S.D.N.Y. 2001) only restates the proposition that "[t]he plaintiff must show both that the defendants transacted business in the state and that the Plaintiffs' cause of action arose from that business. It is well settled that the relationship between the claim and the in-state transaction must be 'direct.'" Id. at 739 (citation omitted). Global's final cited case likewise does not lend support to their argument. See Williams v. Beemiller, Inc., 100 A.D.3d 143, 952 N.Y.S.2d 333 (2012).

New York at the time of the suit, this argument, and the sufficiency of individual contacts with the state, is misplaced in a discussion of specific jurisdiction under CPLR § 302. To fall under New York's long-arm statute, the transaction must be <u>directly</u> related to the cause of action, and discovery on alleged contacts <u>after</u> the incident at issue is not germane to determining long-arm jurisdiction.

2. Global may depose IC/IAI's representative on the topic concerning "servicing of the Flexo Die Cutter by IC/IAI." This includes any contacts with the machine in New York prior to the sale to HP Neun, and servicing of the machine <u>prior</u> to the accident.

3. Global may depose IC/IAI's representative on the topic of the corporate structure between IC and IAI, including any overlap in corporate officers, shared finances, shared business plans, joint financial and human resource assets, and the relationship as stated on IC's website.

SO ORDERED.

_____
Jonathan W. Feldman
United States Magistrate Judge

Dated: June 28, 2017
Rochester, New York