```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALEXANDER ALBINO,

                          Plaintiff,
     -vs-                                  DECISION and ORDER
                                           No. 6:14-cv-06519(MAT)
GLOBAL EQUIPMENT USA, LTD.,

                          Defendant.
_____

GLOBAL EQUIPMENT USA, LTD.,

   Defendant/Third-Party Plaintiff,

    -vs-

H. P. NEUN COMPANY, INC., ISOWA
AMERICA, INC. and ISOWA CORPORATION,

          Third-Party Defendants.
_____
```

## INTRODUCTION

Following this Court's February 28, 2017, Decision and Order, the parties have been conducting jurisdictional discovery. Defendant and third-party plaintiff Global Equipment USA, LTD. ("Global") served, <u>inter alia</u>, deposition notices on third-party defendants ISOWA Corp. ("IC") and ISOWA America, Inc. ("IAI"). After IC and IAI objected to the notices as overbroad, Global sent revised notices, which IC and IAI moved to quash. U.S. Magistrate Judge Jonathan W. Feldman Judge Feldman heard oral argument on the motion to quash and resolved most of the parties' disputes on the

record.

Following the parties' submission of post-argument briefing on the outstanding issues, Judge Feldman issued an Order on June 28, 2017 (Dkt #107) ("the Discovery Order"), delineating the scope of the upcoming deposition of IC/IAI's corporate representative. Global then filed a motion to rescind, in part, the Discovery Order. Specifically, Global objects to the following restriction in the Discovery Order:

> Global may depose IC/IAI's representative on the topic of "jurisdiction pursuant to [New York Civil Practice Law and Rules] § 302(a)," New York's long-arm jurisdiction statute, which will include IC/IAI's respective business and course of conduct in New York <u>prior</u> to the accident at issue in this case. . . .

(Dkt #107, p. 2 of 4) (emphasis in original). Global contends that IC's and IAI's contacts with HP Neun in New York subsequent to the accident are relevant to show that jurisdiction under New York's long-arm statute, New York Civil Practice Law and Rule ("C.P.L.R.") § 302(a), is proper. IC and IAI filed a joint memorandum of law in opposition (Dkt #111) to Global's motion, and Global filed a reply (Dkt #113). Global also moved for an expedited hearing on the motion to rescind, since the deposition at issue is to be held on July 27, 2017, at the U.S. Consulate in Osaka, Japan. This Court granted the request.

For the reasons discussed herein, Global's motion is granted.

## STANDARD OF REVIEW

A district judge may review, and set aside, a magistrate

judge's decision on a non-dispositive matter such as a discovery issue if it is clearly erroneous or contrary to law. See FED. R. CIV. P. 72(a); 28 U.S.C. 636(b)(A) et seq.

## DISCUSSION

### I. General Legal Principles and Burdens of Proof

The Federal Rules of Civil Procedure ("F.R.C.P.") allow examination of a deponent concerning "any matter, not privileged, which is relevant to the subject matter involved in the pending action." FED. R. CIV. P. 26(b). Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); see also Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992) ("[T]he scope of discovery under Fed. R. Civ. P. 26(b) is very broad. . . .") (citations omitted).

Generally, pursuant to F.R.C.P. 30(a)(1), "any party may take the testimony of any person, including a party. . . ." When a party subpoenas a corporation pursuant to F.R.C.P. 30(b)(6), the notice of deposition "must describe with reasonable particularity the matters for examination" of the individual designated to testify on behalf of the corporation. "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." Night Hawk

-3-

Ltd. v. Briarpatch Ltd, LP, 03 Civ. 1382(RWS), 2003 WL 23018833 at *8 (S.D.N.Y. Dec. 23, 2003) (citing Salvatore Studios Int'l v. Mako's Inc., 01 Civ. 4430(BSJ)(DF), 2001 WL 913945 at *1 (S.D.N.Y. Aug. 14, 2001) ("Rule 26(b)(1) of the Federal Rules of Civil Procedure restricts discovery to matters relevant to the claims and defenses of the parties. Here, the burden is on Mako's [who issued the subpoena] to demonstrate relevance.")).

**II. Global Fulfilled Its Burden of Showing Relevance**

IC/IAI's motion to quash pursuant to Rule 26(b) asserted, as the basis for relief, that "Global's [F.R.C.P.] 30(b)(6) deposition notices fail to identify the matters for examination with reasonable particularity . . . [and] are overly broad in that they are not limited to the allegations set forth in the proposed amended third party complaint." Contrary to IC/IAI's suggestion, whether Global has *established* specific jurisdiction under C.P.L.R. 302(a) is not the issue at this juncture. Rather, the issues are whether Global's deposition notices specified topics relevant, and whether IC/IAI fulfilled its burden of demonstrating that the notices were overly broad. See Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP, No. 03 CIV. 5560(RMB)HBP, 2008 WL 4452134, at *4 (S.D.N.Y. Oct. 2, 2008) ("Once the party issuing the subpoena has demonstrated the relevance of the requested documents, the party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is over-broad, duplicative, or

unduly burdensome.") (citing Tow Int'l, Inc. v. Pontin, 246 F.R.D. 421, 424 (E.D.N.Y. 2007) ("The burden of persuasion in a motion to quash a subpoena . . . is borne by the movant."); other citation omitted).

The key point of contention is whether Global should be permitted to explore events that post-date the accident, including a 2015 service call by IAI regarding the machine at issue in this case. The Discovery Order stated that Global has "offered no theory under which [P]laintiff's injury could have arisen out of IAI's post-dated servicing of the machine." (Dkt #107, p. 3 of 4). The Discovery Order noted that although Global argued generally that IC/IAI had sufficient contacts with New York at the time of the suit, this argument, and the sufficiency of individual contacts with the state, is misplaced in a discussion of specific jurisdiction under CPLR § 302(a)." (Id., p. 3-4 of 4). The Discovery Order concluded by noting that to fall within the ambit of N.Y. C.P.L.R. § 302(a), "the transaction must be directly related to the cause of action. . . ." (Id., p. 4 of 4) (emphasis in original).

As discussed further below, the Court finds that the temporal restriction in the Discovery Order is based on a misinterpretation of the relevant inquiry under C.P.L.R. § 302(a)(3), which "permits a court to exercise personal jurisdiction over a nondomiciliary who: '3. commits a tortious act without the state causing injury to

-5-

person or property within the state . . . if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce[.]" Ingraham v. Carroll, 90 N.Y.2d 592, 596 (1997) (quoting N.Y. Civ. Prac. L. & R. § 302(a)(3); emphases omitted). Under this provision, the plaintiff "must show both that an injury occurred within the state, and that the elements of either clause (I) or (ii) have been satisfied." Id. (emphasis omitted); see also Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 n.2 (2d Cir. 1999) ("Brussels Lambert I"). The caselaw in this Circuit supports a finding that conduct or transactions on the part of IC/IAI that post-date the tortious act may be relevant to determining whether IC/IAI regularly does or solicits business in New York, or engages in any other persistent course of conduct in New York, or derives substantial revenue from goods used or consumed or services rendered in New York, for purposes of C.P.L.R. § 302(a)(3)(i); or derives substantial revenues from interstate or international commerce for purposes of C.P.L.R. § 302(a)(3)(ii).

For instance, in Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d 120 (2d Cir. 2002) ("Brussels Lambert II"), the Second Circuit considered the exercise of personal jurisdiction

under C.P.L.R. § 302(a)(3)(i). The plaintiff, a Belgian bank with a New York branch, sued its Puerto Rican law firm for legal malpractice and other torts, in connection with the law firm's failure to disclose information about a borrower to the bank. The district court found that subsection C.P.L.R. § 302(a)(3)(i) had been satisfied by the law firm's "persistent course of conduct" in New York of renting of an apartment during an eight-year period that preceded the filing of the motion to dismiss and occurred subsequently to the law firm's alleged tortious activity. Lambert v. Fiddler Gonzalez & Rodriguez, No. 96 CIV. 7233(LMM), 2001 WL 893362, at *3 (S.D.N.Y. Aug. 8, 2001), vacated sub nom. Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d 120 (2d Cir. 2002). This apartment was available for the use of the firm's partners, and, while it had apparently been largely used for vacations, it sometimes was used for firm business and was claimed as a business expense. The Second Circuit agreed that this long-term apartment rental was sufficient to constitute a persistent course of conduct by the firm. It thus was not necessary for the apartment rental to be related to the plaintiff's, i.e., legal malpractice and other business torts, to be relevant to the "persistent course of conduct" aspect of C.P.L.R. § 302(a)(3)(i).

IC/IAI cites LaMarca v. Pak-Mor Mfg. Co., 95 N.Y.2d 210 (2000), as support for the proposition that the 2015 service call is irrelevant because under "CPLR 302(3). . . the relevant period

by which to measure IAI's contacts is the year of the accident." (Dkt #11, p. 9 of 19) (citing LaMarca v. Pak-Mor Mfg. Co., 95 N.Y.2d 210, 213 (2000) (noting that "[i]n the year of the accident, Pak-Mor's total sales revenue was $18,245,292, $514,490 of which was derived from New York")). However, in LaMarca, the New York Court of Appeals did not specifically address the question of the relevant time period for evaluating the substantiality of the defendant's revenue. Thus, LaMarca does not stand for the proposition urged by IC/IAI. Furthermore, after finding jurisdiction proper under C.P.L.R. § 302(a)(3)(ii), the Court of Appeals did not address C.P.L.R. § 302(a)(3)(i), and therefore LaMarca does not speak to that subsection.

It thus appears that the relevant time period for C.P.L.R. § 302(a)(3) is an open question in this Circuit. Contrary to IC/IAI's suggestion, courts have not uniformly determined that the year of the accident or other tort is the only relevant year to consider. In Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194 (2d Cir. 1990) ("Ball II"), the issue was whether the defendant was amenable to personal jurisdiction under C.P.L.R. § 302(a)(3)(i), which provides for personal jurisdiction over an entity that "'derives substantial revenue from goods used or consumed or services rendered, in the state . . . .'" Ball II, 902 F.2d at 199 n. 5 (quotation omitted). The Second Circuit held that the district court was correct in concluding that the plaintiff had not

-8-

established that the defendant derived substantial revenue from New York sources. See id. at 200. The Second Circuit also noted with approval the district court's ruling that the year the complaint was filed was the proper point in time for assessing the substantiality of the defendant's New York revenue. See id. at 199. However, the dispute before the district court "was not over the length of the period to be considered in assessing substantial revenue but whether the court should generally focus on the time of the alleged injury or the time that the complaint was filed." Justus v. Toyo Kensetsu Kohki Co., 228 F. Supp.2d 215, 219 (N.D.N.Y. 2002) (citing Ball v. Metallurgie Hoboken-Overpelt, S.A., No. 87-CV-191, 1989 WL 87418, *12 (N.D.N.Y. July 31, 1989) ("Ball I") (alleged injury occurred in 1982, at which time defendant had no sales in United States; in contrast, when complaint was filed in 1987, defendant had substantial sales in the United States); Bank of California v. Smith Barney, Inc., No. 89-CV-551, 1997 WL 736529, at *5 n. 5 (N.D.N.Y. Oct. 31, 1997) (citing Ball II, 902 F.2d at 199, for the proposition that the jurisdictional analysis should generally focus on the time that the action was commenced, rather than the time of the alleged injury)). In addition, "[o]ther courts applying [C.P.L.R. §] 302(a)(3)(ii) have considered a period of years in analyzing the substantial revenue requirement" in that subsection. Justus, 228 F. Supp.2d at 220 (citing Barricade Books, Inc. v. Langberg, No. 95 CIV. 8906, 2000 WL 1863764, *6 (S.D.N.Y.

Dec. 19, 2000) (considering the defendant's revenues over three-year period); Ronar, Inc. v. Wallace, 649 F. Supp. 310, 317 (S.D.N.Y. 1986) (considering the defendant's revenues over four-year period); Pariente v. Scott Meredith Literary Agency, Inc., No. 90 Civ. 0547, 1991 WL 19857, *5 (S.D.N.Y. Feb. 11, 1991) (considering defendant's revenues over six-year period); Schleich v. Blumenfeld Sport Net Co., No. CIV-82-546E, 1988 WL 27576, at *1 (W.D.N.Y. Mar. 18, 1988) (considering defendant's revenues over a period of five years)).[1]

As this Court noted in its previous Decision and Order (Dkt #76) denying Global's motion to dismiss for lack of jurisdiction, "[t]he first prong of subsection (ii) of CPLR 302(a)(3) is a foreseeability requirement. 'The test of whether a defendant expects or should reasonably expect his act to have consequences within the State is an objective rather than subjective one.'" (Dkt #76, p. 8 of 16) (quoting Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 241 (2d Cir. 1999) (further quotation omitted)). The second prong of subsection (ii), which relates to whether the defendant derives substantial revenue from interstate or international commerce has been described as a "bigness requirement" designed to assure that the defendant is "economically big enough" to defend

---

[1] As Global points out, this Court, in its application of C.P.L.R. § 302(a)(3)(ii) in connection with Global's motion to dismiss for lack of jurisdiction, considered Global's website as it existed at the time of the motion to dismiss, its revenues generated from international transactions in 2016, and its gross revenues during the period of 2005 to 2015.

suit in New York. (Dkt #76, p. 11 of 16) (quoting David D. Siegel, New York Practice § 88 (5th ed. 2011)). New York courts have held that "there need be no connection between the tortious act and the derivation of substantial revenue." Vecchio v. S & T Mfg. Co., 601 F. Supp. 55, 57 (E.D.N.Y. 1984) (citing Gonzales v. Harris Calorific Co., 315 N.Y.S.2d 51 (Sup. Ct.), aff'd, 315 N.Y.S.2d 815 (2d Dep't. 1970)).[2]

Finally, IC/IAI's contention that Global is asserting arguments before this Court not raised before the Magistrate Judge is not persuasive. This Court did not place a limit on the subsection of C.P.L.R. § 302 that Global could explore during jurisdictional discovery. The Discovery Order likewise did not place a limit on which subsection of C.P.L.R. § 302(a) was appropriate grounds for questioning by Global. At this juncture, Global is not required to allege a basis for personal jurisdiction in its proposed amended complaint. See Fischbarg v. Doucet, 9 N.Y.3d 375, 385 n. 5 (2007) (rejecting as "wrong" defendants' claim

---

[2] The Discovery Order's reliance on McGowan v. Smith, 52 N.Y.2d 268 (1981), is misplaced to the extent that the New York Court of Appeals there did not consider jurisdiction under C.P.L.R. § 302(a)(3), but instead evaluated C.P.L.R. § 302(a)(1), an "[e]ssential" component of which is "the existence of some articulable nexus between the business transacted and the cause of action sued upon[.]" Id. at 272. The Court of Appeals did not consider C.P.L.R. § 302(a)(3) because the plaintiff's injury did not occur in New York. See id. at 274. Likewise, the Court finds that Jacobs v. Felix Bloch Erben Verlag fur Buhne Film und Funk KG, 160 F. Supp.2d 722 (S.D.N.Y. 2001), is inapposite because there the district court did not consider C.P.L.R. § 302(a)(3), but found that the plaintiffs "have not established that any of the [d]efendants were 'transacting business' in New York under [C.P.L.R.] § 302(a)(1)." Id. at 741.

that plaintiff's complaint was subject to dismissal because it failed to allege a basis for personal jurisdiction) (citing Vincent C. Alexander, Practice Commentaries, McKinney's Cons. Laws of N.Y., Book 7B, C.P.L.R. C302:5 ("Nowhere in the CPLR's rules of pleading is there any requirement of an allegation of the court's jurisdiction[.]")).

### III. Summary

In order for Global to establish jurisdiction under C.P.L.R. § 302(a)(3), the preamble to that section requires that it establish that IC/IAI engaged in conduct related to Plaintiff's injury, i.e., that it "commit[ted] a tortious act without the state causing injury[.]" C.P.L.R. § 302(a)(3). However, as the discussion of cases above indicates, when attempting to meet either subsection (i) or (ii) of that C.P.L.R. § 302(a)(3), Global is not limited temporally to conduct directly related to the accident. IC/IAI has not fulfilled its burden of showing that Global's proposed area of inquiry is over-broad, duplicative, or unduly burdensome. Therefore, the Court is compelled to conclude that the Discovery Order erred as a matter of law in restricting Global's questioning with regard to "IC/IAI's respective business and course of conduct in New York" to only the period of time "prior to the accident at issue in this case. . . ." Accordingly, that portion of the Discovery Order is vacated, and discovery is permitted in accordance with C.P.L.R. § 302(a) on IC/IAI's respective business

and course of conduct in New York, both prior to and after the accident.

## CONCLUSION

For the reasons discussed above, Global's motion to rescind the Discovery Order is granted to the extent that the temporal restriction on questioning to "IC/IAI's respective business and course of conduct in New York prior to the accident at issue in this case[,]" (Dkt #107) (emphasis in original), is vacated. Global may question IC/IAI's designated witness regarding "IC/IAI's respective business and course of conduct in New York" both before and after the date of the accident.

**SO ORDERED.**

                                        **S/ Michael A. Telesca**

                                        _____
                                          HON. MICHAEL A. TELESCA
                                        United States District Judge

Dated:    July 24, 2017
          Rochester, New York.