UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALEXANDER ALBINO,

                        Plaintiff,

  -vs-                                **DECISION and ORDER**
                                        **No. 6:14-cv-06519(MAT)**
GLOBAL EQUIPMENT USA, LTD.,

                        Defendant.

---

GLOBAL EQUIPMENT USA, LTD.,

   Defendant/Third-Party Plaintiff,

   -vs-

ARVCO CONTAINER CORP., H. P. NEUN
COMPANY, INC., ISOWA AMERICA, INC.
and ISOWA CORPORATION,

        Third-Party Defendants.

---

**I. Introduction**

This is a diversity action brought by Alexander Albino ("Plaintiff") against Global Equipment USA, LTD. ("Global"), alleging causes of action based on strict products liability and negligence as the result of injuries Plaintiff sustained while employed at third-party defendant H.P. Neun Company, Inc. ("H.P. Neun"). Global has commenced a third-party action asserting claims for contribution and indemnification against Arvco Container Corp. ("Arvco"), H.P. Neun, ISOWA Corporation ("IC"), and ISOWA America, Inc. ("IAI"). Presently before the Court is Global's Motion to Seal

(Dkt #123). IAI and IC have filed a joint Response in partial opposition to the Motion to Seal (Dkt #127). Global did not file any reply papers.

For the reasons discussed herein, Global's Motion to Seal is granted in part and denied in part.

**II. Background**

On April 12, 2017, the Court (Feldman, M.J.) granted the parties' Stipulated Protective Order ("SPO") (Dkt #96), which provides any party wishing to file documents or information defined as "confidential" in the SPO must "file redacted versions of confidential documents on CM/ECF and simultaneously file a motion to seal such documents pursuant to WDNY Local Rule 5.3 and Administrative Procedures Guide for Electronic Filing, Section 2(o)(i)." The Court (Feldman, M.J.) also issued an Order clarifying that the party filing a document under seal must file a "redacted public version of the document in which only the specific material that a party claims to be confidential is redacted from the document[.]" (Dkt #97). The party wishing to claim confidentiality over the documents to be sealed must provide the district court with "sufficient information to allow a determination of whether good cause exists to depart from the presumption against sealing court records from public inspection." (Id.).

Global's Motion to Seal requests an order sealing, in their entirety the following Exhibits submitted in support of its

opposition papers to the pending dismissal motions: Exhibit B (Dkt #124-2), Exhibit C (kt #124-3), Exhibit D (Dkt #124-4), Exhibit E (Dkt #124-5), Exhibit F (Dkt #124-6), and Exhibit G (Dkt #124-7). IAI and IC contend that most of these exhibits include hundreds of extraneous pages Global does not cite or rely upon in its Memorandum of Law in Opposition to IAI and IC's Motions to Dismiss. Additionally, IAI and IC contend four of the six exhibits include a number of pages that neither IAI nor IC have designated as confidential, and one of the exhibits (Exhibit C) in its entirety has not been designated as confidential.

IAI and IC request that the Court order Global to (1) strike extraneous documents and exhibits from its opposition papers; and (2) re-file those opposition papers; but (3) file under seal only the discrete portions of those opposition papers that IAI and IC assert are confidential. Global did not submit any reply to IAI and IC's Response to the Motion to Seal.

**III. Discussion**

    **A.    Applicable Legal Principles**

When determining whether a "judicial document" may be filed under seal, the court must balance the common law right of access against any "competing considerations," such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110, 120 (2d Cir. 2006) (quotation omitted). In

addition to the common law right of access, the press and public enjoy a qualified First Amendment right of access to judicial documents. Id. Under both rubrics, the party seeking to file a document under seal bears the burden of demonstrating that sealing is warranted. DiRussa v. Dean Witter Reynolds, Inc., 121 F.3d 818, 826 (2d Cir. 1997).

However, a court "must first conclude that the documents at issue are indeed 'judicial documents[,]'" Lugosch, 435 F.3d at 119, which means that they are "relevant to the performance of the judicial function and useful in the judicial process." Id. (quotation omitted). "The presumption of access is entitled to great weight if a party submits the document to the court for purposes of adjudication." United States v. Sattar, 471 F. Supp.2d 380, 386 (S.D.N.Y. 2006) (citing Lugosch, 435 F.3d at 123). In Lugosch, the Second Circuit held that "documents submitted to a court in support of or in opposition to a motion for summary judgment are judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment." Lugosch, 435 F.3d at 126. Courts in this Circuit have held the documents submitted in support of or in opposition to a motion to dismiss likewise are entitled to the presumption of access and therefore are "judicial documents." See, e.g., Raffaele v. City of N.Y., No. 13-CV-4607 KAM VVP, 2014 WL 2573464, at *1 (E.D.N.Y. June 9, 2014) (plaintiff's memorandum of law was "clearly

essential to the court's determination of the defendants' motion to dismiss the complaint," and supporting exhibit was "material to the facts and arguments discussed" therein; finding that a strong presumption of access applied to both).

**B. The Exhibits at Issue**

**1. Exhibit B**

IAI and IC support Global's request to file Exhibit B, which includes a Resolution by IAI's Board of Director effective May 6, 2012, under seal. Exhibit B was designated as confidential in the SPO and includes confidential non-public information concerning the management of IAI. The Court agrees that it is not central to the resolution of IAI and IC's motions to dismiss, and is a non-judicial document that is not entitled to the presumption of disclosure. See Weisman Celler Spett & Modlin, P.C. v. Trans-Lux Corp., No. 12 CIV. 5141 JMF, 2012 WL 5512164, at *3 (S.D.N.Y. Nov. 14, 2012) (allowing board of directors' minutes to be sealed where they were not considered in ruling on motions). The Court finds that Exhibit B is a non-judicial document not entitled to the presumption of disclosure and should remain filed under seal.

**2. Exhibit C**

Exhibit C includes emails between IAI and H.P. Neun concerning IAI's sales of parts. IAI and IC argue that these emails were never designated as confidential in the SPO and, moreover, are irrelevant to the Court's resolution of the Motions to Dismiss for Lack of

Personal Jurisdiction and Failure to State a Claim. Therefore, IAI and IC contend, they should be struck or, in the alternative, filed publicly.

As noted above, Global did not file a reply to IAI and IC's Response to its Motion to Seal. Therefore, the Court assumes that Global does not object to either having the emails stricken or filed publicly. However, the Court cannot say, at this juncture, that Exhibit C is irrelevant to resolution of the issues presented in IAI and IC's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State Claim. Accordingly, the Court finds that Exhibit C is comprised of judicial documents that should be filed publicly.

### 3. Exhibit D

Exhibit D includes emails between IAI and IC concerning IAI's parts sales to H.P. Neun, which Global argues relate to the agency question. A number of the emails in Exhibit D have been designated as confidential by a confidential stamp on the document. IAI and IC argue that the Court need not address whether IAI acted as IC's agent in order to resolve IAI's and IC's Motions to Dismiss. IAI and IC contend that Exhibit D should be stricken as irrelevant or, in the alternative, only the confidential documents should be filed under seal.

As noted above, Global did not file a reply to IAI and IC's Response to its Motion to Seal. Therefore, it apparently does not

object to Exhibit D being stricken. However, the Court cannot say, at this juncture, that Exhibit D is irrelevant to resolution of the issues presented in IAI and IC's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State Claim. Accordingly, the Court finds that Exhibit C is comprised of judicial documents that should be filed publicly except for those emails that bear a "confidential" stamp, which should be filed under seal.

### 4. Exhibits E, F, and G

Exhibits E, F, and G consist of three unabridged deposition transcripts. Global cites to approximately two dozen pages from each. These pages are as follows:

| Exhibit Letter | Pages of Transcript Cited |
|---|---|
| E | 54-55, 61-62, 66-69, 73, 78, 97 |
| F | 90, 123 |
| G | 35-43, 45 |

IAI and IC argue that Global's use of these full deposition transcripts violates Western District of New York Local Rule 7(a)(4), which states that "[a] party seeking or opposing any relief under the Federal Rules of Civil Procedure shall file *only* the portion(s) of a deposition, interrogatory, request for documents, request for admission, or other supporting material that is pertinent to the application." IAI and IC request that Global be directed to re-file Exhibits E, F, and G including only the pages

cited in its Memorandum of Law and set forth in the above table, in compliance with Local Rule 7(a)(4).

IAI and IC state that these Exhibits need not be filed under seal with one exception: Exhibit E, the transcript of Ronald G. Miller's deposition, at page 67, lines 4-6, which includes confidential information concerning IAI's commission structure. Because Global only mentions IAI's commission in general terms in its Memorandum of Law, IAI does not request that any portion of Global's Memorandum of Law be filed under seal.

It does not appear that IAI's commission structure is not relevant to the issues to be decided in connection with the pending Motions to Dismiss for Lack of Jurisdiction and Failure to State a Claim. Furthermore, on August 24, 2017, IAI designated certain portions of Miller's June 29, 2017 deposition transcript, as Confidential-Limited Eyes Only, pursuant to the SPO. (Declaration of Steven Hamlin ("Hamlin Decl.") (Dkt #127-1), ¶ 3). A copy of IAI's letter is attached to the Hamlin Declaration as Exhibit A (Dkt #127-2). Accordingly, the Court agrees that this portion of Miller's deposition transcript (Exhibit E, page 67, lines 4-6) should be redacted when Global re-files the relevant portions of Exhibit E.

**IV. Conclusion**

For the foregoing reasons, Global's Motion to Seal (Dkt #123) is granted in part and denied in part. Accordingly, it is hereby

**ORDERED** that Exhibit B shall be filed under seal; and it is further

**ORDERED** that Exhibit C shall be filed publicly; and it is further

**ORDERED** that Exhibit D shall be filed publicly, except for those emails that bear a "confidential" stamp, which shall be filed under seal; and it is further

**ORDERED** that the relevant portions of Exhibits E, F, and G shall be filed pursuant to Local Rule 7(a)(4), as follows:

- Exhibit E, pages 54-55, 61-62, 66-69, 73, 78, and 97, shall be filed publicly, except that page 67, lines 4-6 shall be redacted;
- Exhibit F, pages 90 and 123 shall be filed publicly; and
- Exhibit G, pages 35-43 and 45 shall be filed publicly; and
- The remaining portions of Exhibits E, F, and G are stricken from the record; and it is further

**ORDERED** that Global file an unredacted version of its Memorandum of Law.

**ALL OF THE ABOVE IS SO ORDERED.**

<pre>
                              S/Michael A. Telesca
                            HONORABLE MICHAEL A. TELESCA
                            United States District Judge
</pre>

DATED:     April 17, 2018
           Rochester, New York